Shannon *v.* Flood.

---

JOSEPH SHANNON v. JOSEPH FLOOD.

In the Court for the trial of small causes the justice may allow a defendant to file a·. plea of title, after the return day of the summons, but not after the day to which the cause should be first adjourned.

This action was commenced in the court for the trial of small causes, and the proceedings removed into this court by certio-- rari. It appears from the case agreed upon, that after the cause:

had been adjourned from time to time, but before the trial the defendant tendered to the justice a plea of title, accompanied with the usual bond, which he refused to accept, because it was not presented at the proper time.

. E. B. D. Ogden, for plaintiff in certiorari insisted, that the justice erred in not receiving the plea and bond. He contended, that if tendered at any time before trial, the plea and bond ought to be received, and cited 33d section of the small cause act, Rev. Laws, 639. The same act requires the defendant to file his account or off-set, but nothing in the 14th and 15th sections of the act applies to the plea of title.

A. S. Pennington, contra. This is a new question, but from the nature of all pleading, and from the propriety of the thing, the defendant ought to file the plea of title on the return day of the summons. He is required to do so in all other cases. The issue is then made up between the parties, and though not always in writing, are presumed in law to be filed on that day. This plea of title is a plea in fact to the jurisdiction of the court, and like that plea ought to be filed on the filing of the narration. Tidd's Prac. 585, 6.

The opinion of the court was delivered by Justice Drake.

DRAKE, J. The action below was in trespass *quare clausum fregit*, commenced in a court for the trial of small causes, by process returnable on the 2d day of April, A. D. 1832. The parties appeared on that day; the declaration was filed, complaining of an injury done to lands of the plaintiff; and the cause was adjourned, from time to time, until the 28th day of May : when the defendant filed a plea, claiming title in himself to the land, and accompanied the same with the requisite bond. The justice, considering the plea as coming too late, refused to countersign it, and suffered the plaintiff to proceed in the action. This is relied on, here, as error.

It is a question of some importance, not settled by any decision of this court that I am aware of, whether the plea of title to lands, and the accompanying bond for security for costs, may not be filed on a day subsequent to the filing of the plaintiff's declaration. The statute is silent on the subject. The only regulation made by that, as to the time of the defendant's pleading is contained in the 14th section, Rev. Laws 633, requiring

Shannon *v.* Flood.

the defendant's set off to be filed on the return day of the process. This has generally been considered as prescribing the rule in all cases, in that court. And yet it is easily perceived, that a defendant who is prosecuted in debt, and who, by the summons, is apprised of the nature of the action, so far as to know that he must be prepared with his offset, may with much more propriety be required to plead at once, and thus occasion no delay, than a defendant can be, who is sued in trespass; in which action, the summons does not apprise him whether the demand is for an injury to lands, or to personal property, and if it be to lands, whether they be his own, or not. And indeed, he must not only remain ignorant of the nature of the claim, until the declaration is filed, but if it be for a trespass to lands, which he considers his own, he cannot plead safely without legal advice, nor will his plea be received without competent security. The plea and bond cannot be properly prepared without inspecting the declaration. Must he, before knowing the necessity for them, prepare himself with his security and his counsel, and attend with them before the justice; or shall he have the privilege of filing his plea and bond, at the day of the first adjournment? There seems but little propriety in extending a provision made by the act for one case, to another so very differently circumstanced, and I do not feel that this court is bound to do so, but think that it is at liberty, and ought to allow the defendant a reasonable time, after he is informed of the nature of the claim against him, to prepare his defence.

Unnecessary delay, however, should be avoided. It is due to the plaintiff that he should not be put to needless expense in preparing for trial; and hence, if time be given to the defendant, it should be only until the day, to which the cause shall be first adjourned. In the case before us, there were several adjournments; and I am of opinion that the plea and bond were not presented in proper time, and were therefore rightly overruled.  Let the judgment be affirmed.